**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ACCIDENT INSURANCE COMPANY**                          **PLAINTIFF**

v.                               **CIVIL ACTION NO. 3:11-cv-367-HTW-MTP**

**MARCUS J. BYRD; DORIS P. BYRD;**
**THE TIMBERS HOMEOWNERS ASSOCIATION;**
**RIDGEWAY LANE & ASSOCIATES, INC.;**
**BBH CONSTRUCTION, INC.; ABC INDIVIDUALS**
**AND XYZ ENTITIES**                                  **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes on pursuant to the Report and Recommendation of United States Magistrate Judge Michael T. Parker and the written objection to the proposed findings and recommendation.

On February 27, 2013, the plaintiff Accident Insurance Company filed a motion for summary judgment [docket no. 55]. BBH Construction, Inc., failed to respond to this motion.

On August 12, 2013, BBH Construction, Inc., filed an unopposed motion for leave to file an out of time response to the motion for summary judgment [docket no. 59]. The court ordered BBH Construction, Inc., to respond to the motion for summary judgment by August 19, 2013. BBH Construction, Inc., failed to file its response by the designated date.

United States Magistrate Judge Michael T. Parker, thereafter, filed his Report and Recommendation on August 30, 2013.

On September 9, 2013, BBH Construction, Inc., filed its response to the motion for summary judgment. BBH Construction, Inc., provided no reason for its late response. Then, on September 13, 2013, BBH Construction, Inc., filed its objections to the Report and Recommendation.

As a consequence, Accident Insurance Company has filed a motion to strike [docket no. 65] BBH Construction, Inc.'s, response to the summary judgment motion. Accident Insurance Company argues that the response should be stricken because it is late and because it presents no probative evidence that would demonstrate a triable issue of fact.

Accident Insurance Company is correct. BBH Construction, Inc., failed to respond to the motion for summary judgment. Even when it was given additional time, BBH Construction, Inc., failed to respond in a timely fashion. The Fifth Circuit, however, has warned against summarily disregarding a party's response unless there is "a clear record of delay or contumacious conduct." *Luna v. Int'l Assoc. of Machinists & Aerospace Workers*, 614 F.2d 529, 531 (5th Cir. 1980).

Even if this court were to determine that BBH Construction, Inc.'s, actions do not constitute "a clear record of delay", BBH Construction, Inc.'s, response to the motion for summary judgment fails to present probative evidence that would demonstrate disputed issues of fact. BBH Construction, Inc., disputes and denies Accident Insurance Company's arguments without presenting any sworn affidavits or other specific facts in support of its assertions. *See Union Planters Nat. Leasing v. Woods*, 687 F.2d 117, 119 (5th Cir. 1982). In the absence of evidence suggesting some pertinent disputed fact, BBH Construction, Inc., cannot defeat Accident Insurance Company's motion for

summary judgment.  BBH Construction, Inc.'s, response to the motion for summary judgment lacks probative value and is unpersuasive.

Based upon the evidence contained within the Report and Recommendation, this court, having given full consideration to the aforesaid objection, finds the same not well taken.  Therefore, the Report and Recommendation of the United States Magistrate Judge is hereby adopted as the order of this court.

**SO ORDERED, this the 30th day of September, 2013.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**